**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DENVER DIVISION**

**CIVIL NO. _____**

**RYAN MAY, Individually and On Behalf
of All Others Similarly Situated,**

**Plaintiff,**

**V.**

**E & J WELL SERVICE, INC., and
ELDON MARTIN,**

**Defendants.**

**JURY TRIAL DEMANDED**

---

**PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT & JURY DEMAND**

---

**SUMMARY**

1.      Defendants E & J Well Service, Inc. and Eldon Martin ("Defendants") required Plaintiff Ryan May ("Plaintiff") to work more than forty (40) hours in a workweek as a flow tester. Plaintiff is an hourly paid employee who monitors oil and gas wells. Defendants misclassified Plaintiff as an independent contractor and as such paid him straight time for overtime hours worked.

2. Defendants' conduct violates the Fair Labor Standards Act, which requires non-exempt employees to be compensated for all hours in excess of forty (40) in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a).

3. Plaintiff brings a collective action to recover unpaid overtime compensation owed to him individually and on behalf of all current and former hourly-paid workers who performed work for Defendants associated with monitoring and maintaining oil and gas wells throughout the United States during the three-year period before the filing of this Complaint up to the date the court authorizes notice.

4. Plaintiff also brings his claims under the Colorado Wage Claim Act, *see* COLO. REV. STAT. §§ 8-4-101, *et seq.* ("CWCA") for Defendants' failure to pay Plaintiff, and other similarly-situated persons, all earned overtime for work performed in Colorado. Plaintiff brings these state law claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1332(d)(1).

6. This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because those claims do not raise novel or complex issues of state law and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive.

7. Venue is proper in the District of Colorado, Denver Division because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendant E & J Services, Inc. does a significant percentage of its business in this District.

## PARTIES AND PERSONAL JURISDICTION

8. Plaintiff Ryan May is an individual residing in Garfield County, Colorado. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

9. The "Class Members" are all current and former hourly-paid workers who performed work for Defendants associated with monitoring and maintaining oil and gas wells throughout the United States during the three-year period before the filing of this Complaint.

10. Defendant E & J Well Service, Inc. is a foreign corporation doing business throughout the United States including Colorado. Defendant is licensed and registered to do business in Colorado. Defendant may be served with process through its registered agent Chad Martin at 1711 Mt. View Drive, Lyman WY 82937.

11. Defendant Eldon Martin is an individual residing in Wyoming. This Defendant may be served at his place of business at the following address: 305 S. Main St., Lyman, WY 82937.

## COVERAGE

12. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

13. At all material times, Defendants have been an employer within the meaning of Co. Rev. Stat. § 8-4-101(5) and the applicable Colorado Minimum Wage Orders.

14. Defendants are a commercial support service company within the meaning of the applicable Colorado Minimum Wage Orders because they are a business or enterprise that is directly or indirectly engaged in providing service to other commercial firms through the use of service employees such as Plaintiff and the Class Members.

15. At all material times, Defendants had been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

16. At all material times, Defendants had been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

17. Furthermore, Defendants have an annual gross business volume of not less than $500,000.

18. At all material times, Plaintiff and Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

19. At all material times, Plaintiff and Class Members were employees of Defendants with the meaning of Co. Rev. Stat. § 8-104-101(4) and the applicable Colorado Minimum Wage Orders.

20. At all times material to this action, Defendant Eldon Martin has been the president of Defendant E & J Well Service, Inc.

21. At all times material to this action, Defendant Eldon Martin has had the authority over personnel decisions at Defendant E & J Well Service, Inc.

22. At all times material to this action, Defendant Eldon Martin has had the authority to hire and fire employees for Defendant E & J Well Service, Inc.

23. At all times material to this action, Defendant Eldon Martin supervised the daily work of employees for Defendant E & J Well Service, Inc., including Plaintiff and Class Members.

24. As such, Defendant Eldon Martin is an employer within the meaning of Section 3(d) of the FLSA and is individually liable for any judgment assessed in this action.

## FACTS

25. Defendants provide oil and gas well monitoring services to energy companies nationwide.

26. Defendants employ their workforce to monitor and maintain oil and gas wells in multiple states including Colorado, Wyoming, and North Dakota.

27. Defendants' principal business operations occur in Colorado.

28. Defendants have locations in more than one city in Colorado.

29. Defendants have locations in more than one state in the United States.

30. Plaintiff and Class Members are employed by Defendants as flow testers. As such, their primary duties consist of monitoring oil and gas wells located throughout the United States.

31. Plaintiff and Class Members worked on a regular basis for Defendants at various oil and gas well locations, monitoring such oil and gas wells.

32. Plaintiff Ryan May worked for Defendants' sole benefit monitoring oil and gas wells at multiple locations throughout Colorado.

33. On or about November of 2012, Plaintiff Ryan May began working at one of Defendants' Colorado locations.

34. While working for Defendants at these various locations, Plaintiff Ryan May interacted with and became familiar with the way Defendants treat their other employees with respect to overtime pay and that they misclassify such workers as independent contractors. Therefore, Plaintiff Ryan May has first-hand personal knowledge of the same pay violations

5

throughout Defendants' operation at multiple geographical locations.

35. Defendants paid Plaintiff and Class Members on an hourly basis.

36. Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and Class Members.

37. In addition, Defendants instructed Plaintiff and Class Members about when, where, and how they were to perform their work.

38. Moreover, the following conduct further demonstrates that Defendants acted as an employer with respect to Plaintiff and Class Members:

   a. Defendants required Plaintiff and Class Members to turn in the hours they worked once a week just like normal hourly-paid employees (Defendants conveniently labeled these time sheets "invoices" to further their misclassification ruse);

   b. Defendants paid Plaintiff and Class Members on a non-negotiable hourly rate it unilaterally set;

   c. Defendants required Plaintiff and Class Members to report to their assigned well at a set time;

   d. Plaintiff and Class Members had no control over what well they may be assigned to;

   e. Defendants required Plaintiff and Class Members to request time off in advance and have that time off preapproved;

   f. Defendants issued work orders to Plaintiff and Class Members;

   g. Defendants provided safety training to Plaintiff and Class Members instructing them precisely how to perform their work;

    h. Plaintiff and Class Members faced termination if they failed to attend the regular safety meetings Defendants scheduled;

    i. Defendants assigned Plaintiff and Class Members so many work hours per week (often more than 70) that, as a practical matter, they were prevented from working for any other company;

    j. Defendants controlled the amount of hours Plaintiff and Class Members worked;

    k. Defendants dictated the locations at which Plaintiff and Class Members worked;

    l. Defendants required Plaintiff and Class Members to work more than forty (40) hours per workweek, and typically Plaintiff and Class Members worked more than seventy (70) hours per workweek;

    m. Plaintiff's and Class Members' services were integrated into Defendants' operations;

    n. Plaintiff and Class Members were required to perform their work in an order set by Defendants;

    o. Plaintiff and Class Members worked for Defendants for long periods of time, often years, as is common with employees;

    p. Defendants had rules that Plaintiff and Class Members were required to follow when performing their jobs;

    q. Defendants required Plaintiff and Class Members to attend company meetings; and

    r. Defendants maintained the right to discharge Plaintiff and Class Members at will.

39. Furthermore, the degree of investment Plaintiff and Class Members made to perform their work pales in comparison to the expenses Defendants incurred. Plaintiff and Class

Members were required to supply simple hand tools, such as wrenches or a hammer. On the other hand, Defendants provided equipment worth hundreds of thousands of dollars including sand traps, water pumps, earth moving equipment, flowback tanks, generators, valves, gauges, pipe, light plants, generators, and flare stacks.

40. A majority of Defendant E & J Well Service, Inc.'s annual revenue is derived from work performed by Plaintiff and Class Members.

41. Ironically, the flow testers whom Defendants internally classify as employees perform the same work under the same conditions as the ones it classified as independent contractors.

42. Despite these facts, Defendants improperly classified Plaintiff and Class Members as independent contractors and not employees.

43. Defendants classified their employees as independent contractors to avoid their obligations to pay employees pursuant to the FLSA as well as to reap other benefits of such illegal classification such as reduced tax liability, avoiding paying workers' compensation insurance, and other forms of insurance and to pass on Defendants' operational costs to their work force.

44. However, at all times, the flow testers and other similarly situated workers were employees of Defendants.

45. Defendants hired, fired and supervised the flow testers. Defendants also set the schedule for the employees. Defendants controlled the details of the employees' jobs including job locations, hours worked, and monitoring the safety of employees.

46. Defendants tracked the time and days the flow testers worked just as is common for typical employer-employee relationships.

47. Although Plaintiff have been required to work more than forty (40) hours per work-week, and did so frequently, Plaintiff were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

48. Instead, Plaintiff was paid a flat hourly rate for all hours worked, regardless of how many hours he actually worked.

49. That is, Defendants paid Plaintiff straight time for overtime.

50. No FLSA exemption applies to hourly-paid employees such as Plaintiff or Class Members.

51. No exemptions under the CWCA or the applicable Minimum Wage Orders apply to Plaintiff or Class Members.

52. Defendants' method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct complied with the FLSA. Indeed, Defendants' conduct is all the more egregious because they intentionally set up a paper profile that belied the true interaction and conduct of the company and its workforce. For example, Defendants insisted that their workers submit so-called "invoices," not time sheets. Defendants even created the "invoice form" their workers were required to use, which was nothing more than a time sheet. Defendants required their workers to complete other paper work which Defendants intended to, on the surface, give the impression that their workforce was composed of hundreds of independent contractors. In reality, Defendants operated as an oil and gas monitoring company and sold their services through a workforce of hundreds of employees.

53. That is, Defendants' misclassification was not by accident, but a well thought out scheme to reduce their labor costs. Accordingly, Defendants' violations of the FLSA were willful.

**VIOLATION OF 29 U.S.C. § 207**

54. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

55. Defendants' practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

56. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiff.

**COLLECTIVE ACTION ALLEGATIONS**

57. Plaintiff has actual knowledge that Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendants' misclassification of its employees.

58. Plaintiff Ryan May's knowledge is based on his personal work experience and through communications with other workers of Defendants while performing work throughout Colorado.

59. Other hourly paid workers similarly situated to the Plaintiff work for Defendants throughout the United States, but are not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

60. Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40).

61. Defendants have classified and continue to classify Class Members as independent contractors.

62. Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as independent contractors by Defendants.

63. Class Members are not exempt from receiving overtime pay under the FLSA.

64. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as independent contractors and/or the denial of overtime pay.

65. Defendants' failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Class Members.

66. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of Class Members.

67. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

68. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

69. Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

70. As such, the class of similarly situated Plaintiffs is properly defined as follows:

> All current and former hourly-paid workers classified as independent contractors who performed work for Defendants associated with monitoring and maintaining oil and gas wells throughout the United States during the three-year period before the filing of this Complaint up to the date the court authorizes notice.

### COUNT TWO:  VIOLATION OF COLORADO WAGE CLAIM ACT – OVERTIME (CLASS ACTION)

71. Plaintiff and the Class Members allege and incorporate by reference the allegations in the preceding paragraphs.

72. At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the CWCA.  At all relevant times, Defendants have employed and continue to employ, "employees," including the Class Members and Plaintiff, within the meaning the CWCA.

73. As a result of the foregoing conduct, as alleged, Defendant have failed to pay wages due under the CWCA and the Colorado Minimum Wage Act, *see* COLO. REV. STAT. § 8-4-101, *et seq.*, as implemented by the Minimum Wage Order, thereby violating, and continuing to violate, the CWCA.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

74. As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff, on behalf of himself and on behalf of the Class Members, hereby demand payment as contemplated by the CWCA in an amount sufficient to reimburse Plaintiff and the Colorado Members for all unpaid overtime wages.

### CLASS ACTION ALLEGATIONS

75. Plaintiff and the Class Members allege and incorporate by reference the allegations in the preceding paragraphs.

76. Plaintiff brings his overtime claims arising under the CWCA and Colorado Minimum Wage Order 29 as a Rule 23 class action on behalf of the following class:

> All current and former hourly paid workers in Colorado who were paid for at least one week as an independent contractor during the three-year period before the filing of this Complaint up to the present.

77. Although Plaintiff does not know the precise number of members of the proposed class, there are believed to number in the hundreds.

78. The members of the class are so numerous that their individual joinder is impractical.

79. The identity of the members of the class is readily discernible from Defendants' records.

80. Plaintiff and the proposed class on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

81. Common questions of law and fact exist to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

>    a) Whether Plaintiff and the Class Members worked hours in excess of forty per work week;
>
>    b) Whether Plaintiff and the Class Members worked hours in excess of 12 per day;
>
>    c) Whether Plaintiff and the Class Members were denied overtime pay at a rate not less than one and one half times their regular rate as proscribed by Colorado Law;
>
>    d) Whether Defendants failed to properly classify Plaintiff and Class Members as employees under Colorado Law.

82. These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

83. Plaintiff's claims are typical of the claims of the class because Plaintiff was not paid overtime wages in accordance with Colorado law and because Defendants classified him as an independent contractor.

84. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class that he seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the class will be fairly and adequately protected by Plaintiff and his counsel.

85. The class action under Colorado state law is superior to other available means of fair and efficient adjudication of the state law claims of Plaintiff and the Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for members of the class individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

## **DAMAGES SOUGHT**

86. Plaintiff and the Class Members are entitled to recover their unpaid overtime compensation.

87. Plaintiff and the Class Members are entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

88. Plaintiffs and the Class Members are entitled to recover attorney's fees and costs as required by the FLSA, the CWCA, and the Colorado Minimum Wage Act, as implemented by Colorado Minimum Wage Orders 28-30.  29 U.S.C. § 216(b); COLO. REV. STAT. § 8-6-118.

## JURY DEMAND

89.  Plaintiff and Class Members hereby demand trial by jury on all issues.

## PRAYER

90. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding them the following:

   a. Overtime compensation for all hours worked over forty in a workweek, twelve hours in a workday, or twelve consecutive hours at the applicable time-and-a-half rate;

   b. Liquidated damages in an amount equal to their unpaid overtime as allowed under the FLSA;

   c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

   d. Such other and further relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By:  /s/ Galvin B. Kennedy
    Galvin B. Kennedy
    Gkennedy@kennedyhodges.com
    Texas State Bar No. 00796870
    711 W. Alabama St.
    Houston, TX 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS