IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 14-cv-00121-RBJ

RYAN MAY, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff,

v.

E & J WELL SERVICE, INC., and
ELDON MARTIN,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion for Conditional Certification and *Hoffman La Roche* Notice [ECF No. 21]. The defendants oppose this motion on a number of grounds, including general opposition to the conditional certification of a collective action as well as specific objections to certain portions of the *Hoffman La Roche* Notice Letter drafted by plaintiff's counsel. For the following reasons, the motion is granted in part and denied in part.

On January 16, 2014 Mr. May filed this action alleging violations of the wage and overtime laws under the Fair Labor Standards Act ("FLSA"). In his Complaint he alleges that the defendants misclassified him as an independent contractor when he was in fact an employee and therefore subject to the wage and overtime provisions of the FLSA. The plaintiff makes specific allegations that the defendants also misclassified similarly situated workers, putting forward a set of allegations pertaining to the collective class. [*See* ECF No. 1 at ¶¶ 57–70].

Mr. May asks this Court conditionally to certify the case as a collective action pursuant to section 216(b) of the FLSA, which provides in pertinent part:

> Any employer who violates the provisions of . . . section 7 of this act shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation, and in an additional equal amount as liquidated damages . . . .  An action to recover the liability prescribed in [section 7] may be maintained against any employer . . . in any Federal . . . court of competent jurisdiction by any one or more employees *for and in behalf of himself or themselves and other employees similarly situated*.

29 U.S.C. § 216(b) (emphasis added). The plaintiff submits in support of his motion two affidavits (entitled declarations), one prepared by him and one prepared by plaintiff Jeremy Maybury, who filed a notice of consent to join the action on March 26, 2014. [ECF Nos. 21-2 & 21-3]. The declarations contain assertions that both individuals worked as flow testers for the defendants; that both were misclassified as independent contractors; that dozens of other flow testers were misclassified as such; and that the declarants and the other flow testers were not paid overtime wages for weeks in which they worked over forty (40) hours.[1] *See id.*

In *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001), a panel of the Tenth Circuit held that the district court's use of a two-step case by case or "ad hoc" process for determining whether to certify a class under the Age Discrimination in Employment Act ("ADEA") was not error. The court noted that the class action provisions of the ADEA borrowed the opt-in class mechanism of the FLSA. *Id.* at 1102. The two-step approach has since been applied to FLSA actions such as the present case. *E.g.*, *Baldozier v. American Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005).

The first step is a "notice stage," where the court determines whether there are others similarly situated. The plaintiff is required to provide "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Thiessen*, 267 F.3d at 1102 (internal quotation marks and citation omitted). The plaintiff must establish a "reasonable basis" for his claim that there are other similarly situated employees. *See*

---

[1] The Court rejects any contention by the defendants that these declarations are noncompliant with the requirements of 28 U.S.C. § 1746.

*Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1260 (11th Cir. 2008). This is a "lenient standard," *Baldozier*, 375 F. Supp. 2d at 1092, "which typically results in conditional certification of a representative class," *Renfro v. Spartan Computer Services, Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007). In the second stage, which comes at the conclusion of discovery and often in the context of a defense motion to decertify the class, the court applies a stricter standard of "similarly situated," including application of at least four factors, to determine whether the case can proceed as a class action. *Thiessen*, 267 F.3d at 1102–03.

Mr. May seeks to represent a class consisting of "[a]ll current and former workers who performed flow testing services or performed similar duties at oil and gas wells serviced by Defendants from January 16, 2011 to the present." [ECF No. 28 at 9].[2] Defendants oppose the motion, primarily on the grounds that Mr. May has not made any substantial allegation that there are similarly situated flow testers who were "victims" of a decision, policy, or plan made and carried out by the defendants. [*See* ECF No. 26 at 4–5]. The Court disagrees. Mr. May has sufficiently alleged in his Complaint and likewise asserted in the two declarations that there are numerous similarly situated workers who were misclassified as independent contractors and, in turn, not paid overtime wages. Notably, five individuals have filed notices of consent to join this action since it was filed just several months ago. If it turns out to be the case that there are no other similarly situated workers who also suffered from a failure to receive overtime wages the collective class can be decertified down the road.

With that being said, the Court does have some concerns with the proposed *Hoffman La Roche* Notice Letter [ECF No. 21-1]. The Court has reviewed the sampling of approved letters that plaintiff's counsel attached to its Reply brief and prefers the notice sent in the J&A case

---

[2] Mr. May has excluded any qualifying language concerning the independent contractor classification because the defendants have attested that all flow testers were and are classified as such. [*See* ECF Nos. 28 at 9 n.5; 28-9 at ¶ 11 (Defendants' Interrogatory Responses)].

(*Howard v. J&A Services, Inc.*, No. 12CV2987-RM-MJW, ECF No. 46-1 in that case, ECF No. 28-1 in the present case) over the proposed notice submitted for this action. Considering the strong similarity between the two cases, the Court proposes that plaintiff's counsel resubmit its *Hoffman La Roche* Notice Letter in a form and substance similar to the J&A notice, with a few alterations. First, in ¶ 10 the J&A notice states that "records show you are in the class of workers defined above." [ECF No. 28-1 at 2]. This language should be adjusted to read "records show you may be in the class of workers defined above." Second, plaintiff's counsel is instructed to include a section or statement indicating that the representative plaintiff (Mr. May) is designated as the opt-in plaintiff's agent to make decisions in this case. Third, in ¶ 14 the language should read "During the trial, a jury will hear all of the evidence" (as opposed "a jury or judge") as the Complaint includes a jury demand. Finally, and most importantly, ¶ 13 must be completely stricken and rewritten. A discussion of lawyers' fees should include the terms of the contingency fee agreement already entered into by Mr. May,[3] a clear indication that any attorney's fees must be approved as reasonable by the Court, and a clarification that attorney's fees and expenses *may* be deducted from any money obtained on behalf of the class depending on the outcome of the action (settlement versus success at trial). The statement that the opt-in plaintiffs "won't have to pay these fees/expenses" is misleading. Those fees might be paid out of the plaintiffs' award, even if they are not paid out of pocket.

The Court approves a 60-day opt-in period and has noted no objection on the part of the defendants to a second round of notices being sent out after 30 days have passed, so long as those notices are only sent to individuals who have not yet responded. The Court also has no objection to opt-in plaintiffs submitting the consent form electronically.

---

[3] The Court will not approve a Notice Letter with any direction to call plaintiff's counsel to learn more about the terms of the contingency fee agreement. *See* Proposed Notice Letter [ECF No. 21-1] at ¶ 6.

For the foregoing reasons, Plaintiff's Motion for Conditional Certification and *Hoffman La Roche* Notice [ECF No. 21] is GRANTED in part and DENIED in part. The motion is granted to allow for conditional certification of a collective action, but is denied as to the proposed *Hoffman La Roche* Notice Letter. The Court requests that plaintiff's counsel resubmit their *Hoffman La Roche* Notice Letter to comply with the terms set out above within fourteen (14) days of issuance of this Order.

DATED this 27th day of June, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge